UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Latifa Sadok,

          Plaintiff,

v.                                  Civil Action No.: _____

Southwest Credit Systems, L.P.; and DOES 1-5, inclusive,

          Defendants.

## COMPLAINT

Plaintiff, Latifa Sadok, seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. by Defendants and their agents in their illegal efforts to collect a consumer debt. Plaintiff, by way of this Complaint, states as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District, as Defendants transact business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4. Latifa Sadok ("Plaintiff"), is an adult individual residing in Long Island City, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Southwest Credit Systems, L.P. ("Southwest"), is a Texas business entity with an address of 4120 International Parkway, Suite 1100, Carrollton, Texas. Southwest operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. DOES 1-5 (the "Collectors") are individuals employed by Southwest, whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. At all times, Southwest acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

1. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $690.00 (the "Debt") to T-Mobile (the "Creditor").

2. The alleged Debt arose from services provided by the Creditor, which were primarily for family, personal, or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

3. The alleged Debt was purchased, assigned, or transferred to Southwest for collection, or Southwest was employed by the Creditor to collect the alleged Debt.

4. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**A. Southwest Recovery Engages in Harassment and Abuse**

5. In December or January of 2012, Plaintiff received a message from Southwest regarding the Debt.

6. Plaintiff called Southwest and spoke to a collector identifying herself as "Julie." Julie is an agent for Southwest. During the aforementioned communication, Plaintiff to a payment plan of thirty dollars ($30.00) per month.

7. After one confirmed payment pursuant to the above-stated payment plan, a Southwest agent told Plaintiff – during another telephone communication - that thirty dollars ($30.00) per month was no longer sufficient and that she would need to pay more, immediately.

8. The above-stated actions by Defendants caused the Plaintiff anxiety and distress as she assumed the payment plan resolved the matter.

B. **Plaintiff Suffered Actual Damages**

9. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

10. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

11. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

14. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

15. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used language the natural consequence of which was to abuse the Plaintiff.

16. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

17. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to, every one of the above-cited provisions.

18. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 16, 2012

Respectfully submitted,

By: /s/ Hashim Rahman

Hashim Rahman, Esq.
Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax:    (347) 382-9457